UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
The Clorox Company,

Plaintiff,

-against-

Sensation Store Corporation,

Defendant.
---------------------------------------------------------------X

**ORDER**
25-CV-04612 (DG) (CHK)

DIANE GUJARATI, United States District Judge:

On August 19, 2025, Plaintiff The Clorox Company commenced this action against Defendant Sensation Store Corporation, bringing claims stemming from allegations that Defendant is "operating a bait-and-switch scheme on ecommerce platforms" that is causing harm to Plaintiff, its customers, and its retailers and distributors. *See generally* Complaint ("Compl."), ECF No. 1.[1] The Complaint brings 12 claims, styled as follows: (1) Federal False Advertising (15 U.S.C. § 1125(a)(1)(B)); (2) Federal Trademark Counterfeiting (15 U.S.C. §§ 1114-1117); (3) Federal Trademark Infringement (15 U.S.C. §§ 1114-1117; Lanham Act § 32); (4) Federal Unfair Competition (False Designation of Origin and False Description) (15 U.S.C. § 1125(a)(1)(A); Lanham Act § 43(a)); (5) Federal Dilution of Famous Marks (Trademark Dilution Revision Act of 2006) (15 U.S.C. § 1125(c); Lanham Act § 43(c)); (6) & (7) Trademark Infringement and Dilution in Violation of New York Common Law;[2] (8) Dilution in Violation of N.Y. Gen. Bus. Law § 360-L; (9) Unlawful Deceptive Acts in Violation of N.Y. Gen. Bus. Law

[1] Familiarity with the procedural history and background of this action is assumed herein.

[2] Plaintiff presents the Sixth and Seventh claims together. The Court deems the Sixth Claim to be for Trademark Infringement in Violation of New York Common Law and the Seventh Claim to be for Dilution in Violation of New York Common Law.

§ 349; (10) Unfair Competition in Violation of New York Common Law; (11) False Advertising in Violation of N.Y. Gen. Bus. Law § 350; and (12) Unjust Enrichment in Violation of New York Common Law. *See generally* Compl.

On December 10, 2025, Plaintiff filed a Motion for Default Judgment and Permanent Injunction (the "Motion"). *See* Motion, ECF No. 24.

On December 11, 2025, Magistrate Judge Clay H. Kaminsky held a default conference, at which Defendant did not appear. *See* Minute Entry for December 11, 2025 default conference.

On August 27, 2026, Judge Kaminsky issued a Report and Recommendation ("R&R") setting forth relevant factual and procedural background and applicable law and recommending that the Motion be granted as set forth in the R&R. *See generally* R&R, ECF No. 27. More specifically, the R&R recommends that the Court "(1) grant default judgment on Plaintiff's federal, New York common law infringement and unfair competition, and New York General Business Law Sections 349 and 350 claims; (2) deny default judgment on Plaintiff's abandoned New York common law dilution and unjust enrichment and New York General Business Law Section 360-L claims; (3) grant Plaintiff's request for a permanent injunction; (4) award Plaintiff statutory damages in the amount of $200,000; and (5) allow Plaintiff to serve restraining notices pursuant to CPLR § 5222 on Defendant and third-party platforms or institutions that hold or manage financial accounts associated with Defendant." *See* R&R at 18; *see also* R&R at 16 (recommending that the Court award post-judgment interest on the statutory damages pursuant to 28 U.S.C. § 1961(a) and referencing Rule 69 of the Federal Rules of Civil Procedure in connection with the recommendation regarding restraining notices).[3]

[3] In recommending that default judgment be denied as to Plaintiff's New York common law dilution and unjust enrichment and New York General Business Law Section 360-L claims, the R&R notes that the Motion "does not address these causes of action or seek any separate relief

In recommending that a permanent injunction issue, Judge Kaminsky sets forth the applicable legal standard governing the issuance of injunctions in this context, *see* R&R at 13-14 (quoting, *inter alia*, 15 U.S.C. § 1116(a)), and finds: (1) that Plaintiff has sufficiently alleged that it will face irreparable injury absent an injunction, *see* R&R at 14 (referencing loss of control over reputation); (2) that Plaintiff has also established that remedies at law are, without more, inadequate compensation, *see* R&R at 14 (referencing confusion about the origin of goods leading to damage to reputation or loss of a potential relationship with a customer that would produce an indeterminate amount of business in years to come); (3) that the balance of hardships favors the equitable remedy of a permanent injunction, *see* R&R at 14 (noting that an injunction will protect Plaintiff but will not enjoin Defendant from lawful business practices); and (4) that the public interest is served by an injunction, *see* R&R at 14 (noting that in trademark infringement cases, the public interest lies in avoiding confusion, particularly where a defendant would be able to continue its activities under another mark).

No objection to the R&R has been filed and the time for filing objections has passed. *See generally* docket.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Where no objection to a Report and Recommendation has been timely made, the district court need only satisfy itself that there is no clear error on the face of the record." *May v. Levy*, 659 F. Supp. 3d 323, 332 (E.D.N.Y. 2023) (quotation omitted).

Upon clear error review, the Court adopts the R&R. Accordingly, (1) default judgment is

---

based on them." *See* R&R at 12 (additionally stating that "[a]lternatively, these claims are moot because the full relief Clorox seeks may be awarded on the claims it presses in [the Motion]").

GRANTED on Plaintiff's federal, New York common law infringement and unfair competition, and New York General Business Law Sections 349 and 350 claims (the Complaint's First, Second, Third, Fourth, Fifth, Sixth, Ninth, Tenth, and Eleventh Claims); (2) default judgment is DENIED on Plaintiff's New York common law dilution and unjust enrichment and New York General Business Law Section 360-L claims (the Complaint's Seventh, Eighth, and Twelfth Claims);[4] (3) Plaintiff's request for a permanent injunction is GRANTED as set forth below; (4) Plaintiff is awarded statutory damages in the amount of $200,000 plus post-judgment interest pursuant to 28 U.S.C. § 1961(a); and (5) Plaintiff may serve restraining notices pursuant to N.Y. C.P.L.R. § 5222 on Defendant and all third-party platforms or institutions that hold or manage financial accounts associated with Defendant.

**Permanent Injunction**

IT IS ORDERED THAT:

Defendant Sensation Store Corporation ("Defendant"), its officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with them are permanently enjoined from engaging in any or all of the following acts in commerce:

1. Using any of the trademarks of Plaintiff The Clorox Company ("Clorox") listed in the Appendix to this Order (the "Clorox Trademarks"),[5] or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of any of the Clorox Trademarks, in or as part of any mark, design or logo or otherwise on or in connection with any Clorox products or on or in connection with the

---

[4] These claims – which Plaintiff does not dispute have been abandoned – are dismissed without prejudice.

[5] The Appendix to this Order is a reproduction of the table included in paragraph 13 of the Complaint. *See* Compl. ¶ 13.

importation, promotion, advertisement, sale, offering for sale, manufacture, production, dissemination or distribution of any Clorox products;

2. Using any of the Clorox Trademarks – or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of any of the Clorox Trademarks – in or as part of any mark, design or logo or otherwise on or in connection with any goods in the manner complained of in the Complaint, any similar manner to the scheme identified in the Complaint, or in a manner that violates a right owned by Clorox;

3. Using any of the Clorox Trademarks, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of any of the Clorox Trademarks in or as part of any logo, business name, trade name, website identifier, website address, domain name, e-mail address or in any other means of identification of Defendant as a source of such Clorox Trademarks;

4. Processing, packaging, importing or transporting any product that is not a genuine product of Clorox bearing any of the Clorox Trademarks or any mark that is a simulation, reproduction, copy, colorable imitation, confusingly similar variation, or materially different version of any of the Clorox Trademarks;

5. Using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act, which can, or is likely to, lead members of the trade or public to believe that Defendant is associated with Clorox or that any product imported, manufactured, distributed, or sold by Defendant is in any manner associated or connected with Clorox, or is authorized, licensed, sponsored or otherwise approved by Clorox;

6. Transferring, consigning, recycling, or destroying any goods, packaging or other materials in Defendant's possession, custody or control bearing a design or mark substantially identical to the Clorox Trademarks, or records associated with Defendant's sourcing, promotion, or sale of such goods, packaging, or other materials;

7. Purchasing any of the Clorox Trademarks in connection with any sponsored advertising on the Internet or using any of Clorox's trademarks in any source code or metatags or otherwise using Clorox's trademarks or trade names such that a search for Clorox on the Internet will cause any domain name, website or advertisement for Defendant, or any company or business that is owned or controlled by it, or Defendant's officers/owners, to appear in search results;

8. Engaging in any other activity constituting unfair competition with Clorox, or constituting an infringement of any of the Clorox Trademarks;

9. Engaging in any activity that constitutes false advertising of any products bearing the Clorox Trademarks;

10. Engaging in any activity that dilutes or tarnishes, or is likely to dilute or likely to tarnish, any of the Clorox Trademarks; and

11. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in numbered paragraphs 1 through 10 above, or taking any action that contributes to any of the activities referred to in numbered paragraphs 1 through 10 above, or any other activity that consists of or contributes to the sale of counterfeit, infringing, or falsely-advertised products bearing any of the Clorox Trademarks, including but not limited to building or

creating websites or product listings for others, hosting websites or product listings for others, or providing technical or other support for any e-commerce transactions that concern or relate to the sale of counterfeit or infringing goods.

IT IS FURTHER ORDERED that Defendant shall deliver any remaining inventory of counterfeit versions of Clorox's products to Clorox for recycling or destruction, by shipping such products to Clorox's counsel, Verso Law Group, 565 Commercial St. 4th Floor, San Francisco, CA 94111. Defendant shall provide Clorox's counsel with verification of the shipment, including a tracking number, no later than October 28, 2026.

* * *

The Clerk of Court is directed to enter judgment consistent with this Order and close this case.

Plaintiff shall serve a copy of this Order on Defendant and file proof of service by September 30, 2026.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: September 28, 2026
Brooklyn, New York